UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY LEE MEYER, CHRISTOPHER ALLEN MEYER, C.C.W., C.J.M., T.S.M., <br><br>Plaintiffs, <br><br>v. <br><br>LEAH BROWN, JENNIFER PERA, PATRICIA CHARLES-HEATHERS, LESLIE GRIFFITH, <br><br>Defendants. | No. 2:17-cv-1547-MCE-EFB PS <br><br>ORDER |

Plaintiff Ruby Meyer seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

As a threshold matter, plaintiff Ruby Meyer is the sole signatory to the complaint. But she purports to bring this action on behalf of herself, her husband, and her children. There is no indication from the record that Ms. Meyer is an attorney. Unless she is an attorney, she may not represent the other members of her family, and may not sign pleadings on their behalf. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, Local Rule 183(a) requires that any individual who is representing herself without an attorney must appear personally or by courtesy appearance by an attorney and may not delegate that duty to any other individual. E.D. Cal. L.R. 183(a). Accordingly, Ms. Meyer may not bring claims on behalf of her husband and children. *See Johns v. County of San Diego*, 114 F.3d 874, 876 877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another).

As for plaintiff Ruby Meyer's own claims, her complaint fails to state a claim and must be dismissed with leave to amend. Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

2

*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

The complaint alleges that in August 2016, plaintiff Ruby Meyer and her husband were involved in a domestic violence incident. ECF No. 1 at 6. After the altercation, Ms. Meyer and her children moved to Grass Valley, California to live with a relative. *Id*. Four days after the move, Grass Valley police officers came to the home with a warrant and removed the children. *Id*. at 6-7. Ms. Meyer alleges that the warrant was "based on the personal whim of the social worker, [defendant] Leah Brown, without evidence." *Id*. at 7. Ms. Meyer claims she requested defendants Leslie Griffith, Patricia Charles-Heathers, and Jennifer Pera explain the basis for the warrant, but no response was provided. *Id*. She claims this violated her right to be informed of the accusations against her and to confront her accuser, and interfered with right to raise her children. *Id*. She requests that the court investigate El Dorado County Child Protective Services regarding the alleged misconduct and award her family damages. The complaint purports to allege claims under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the Constitution.

The complaint lacks sufficient allegations to state a section 1983 claim. To state such a claim, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "'Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)); *see also Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003) (Fourteenth Amendment "shields citizens from unlawful governmental action, but does not affect conduct by private entities."). However, a private party may be considered to have acted under color of state law when the party "is a willful participant

in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). To establish joint action between state actors and a private party, a plaintiff must establish "an agreement or 'meeting of the minds' to violate constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). Mere acquiescence to the wrongful conduct is insufficient. *Id*. Rather, the plaintiff must demonstrate that each participant "share[d] the general conspiratorial objective." *Id*.

The complaint fails to sufficiently allege that any of the named defendants are state actors. Ms. Meyer claims that the search warrant was "based on the personal whim of" defendant Brown, who is a social worker, but does not allege that Brown was a state or local government employee. Nor does the complaint contain allegations suggesting an agreement between Brown and a state actor to violate Ms. Meyer's constitutional rights. As for the remaining defendants, plaintiff merely alleges that they refused to provide the basis or identify the evidence that supported the issuance of the warrant. *Id*. at 7. These allegations fail to demonstrate that the defendants were state actors.

Moreover, the complaint fails to sufficiently allege that any of the defendants participated in the violation of Ms. Meyer's constitutional rights under the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the Constitution. First, Ms. Meyer fails to state a Fourth Amendment claim as the complaint is devoid of any allegations that she was subjected to an unreasonable search or seizure. Although the complaint appears to allege that her children were wrongfully removed pursuant to an invalid warrant, that seizure could only support a Fourth Amendment claim on behalf of the children. *See Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 789-90 (9th Cir. 2016) (en banc); *Rogers v. Cnty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007) (explaining that the "Fourteenth Amendment guarantees that parents will not be separated from their children without due process," while the Fourth Amendment "protects children from [unlawful] removal from their homes . . . .").

The complaint also purports to allege violations of the Eighth and Thirteenth Amendments, but fails to allege any facts that could plausibly support a claim under those
/////

4

amendments.[2]  The complaint also fails to state a claim under the Fifth Amendment because it does not allege that any of the defendants are federal actors.  *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (To state a claim for violation of plaintiff's due process rights under the Fifth Amendment, a plaintiff must allege that the defendants are federal actors).  As for the complaint's reference to the Sixth Amendment, the allegations suggest Ms. Meyer is attempting to allege a Sixth Amendment confrontation clause claim.  *See* ECF No. 1 at 7 (alleging that defendants "remov[ed] my right to be informed of the accusation against me . . . .").  But the complaint's allegations are limited to a domestic custody dispute, a civil matter, and "the Sixth Amendment applies only to criminal prosecutions."  *United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005) (quotations omitted).  Accordingly, Ms. Meyer also fails to state a Sixth Amendment claim.

Lastly, the complaint alleges defendants violated her Fourteenth Amendment right to familial association by removing her children from her custody.  ECF No. 1 at 7.  Plaintiff claims that the warrant for the removal of her children was invalid because it was based "on the personal whim" of defendant Brown and without evidence.  Liberally construed, Ms. Meyer may be attempting to allege that the warrant for the removal of her children was not supported by a sufficient affidavit.  There is a presumption of validity with respect to an affidavit supporting a warrant.  *Franks v. Delaware*, 438 U.S. 154, 171 (1978).  To challenge the validity of an affidavit, "a defendant must show (1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause."  *United States v. Lefkowitz*, 618 F.2d 1313, 1317 (9th Cir 1980).  Plaintiff's conclusory allegations that the warrant was obtained without evidence and on a "whim" are insufficient to question the validity of the warrant.  *See, e.g.*, *Cholla Ready Mix. Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

---

[2] Further, neither the Supreme Court nor the Ninth Circuit have decided whether a private right of action exists under the Thirteenth Amendment.  *See Jane Doe I v. Reddy*, 2013 WL 23893010, at * 10 (N.D. Cal. Aug. 2003) ("[N]o decision has ever actually upheld a private right of action under the Thirteenth Amendment.").

5

1    Accordingly, the complaint must be dismissed for failure to state a claim.  Ms. Meyer is
2    granted leave to file an amended complaint, but any such complaint must allege a cognizable
3    legal theory against a proper defendant and sufficient facts in support of that cognizable legal
4    theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must
5    afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).
6    Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set
7    forth the allegations against each defendant and shall specify a basis for this court's subject matter
8    jurisdiction.  Any amended complaint shall plead plaintiff's claims in "numbered paragraphs,
9    each limited as far as practicable to a single set of circumstances," as required by Federal Rule of
10   Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the
11   left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any
12   amended complaint shall also use clear headings to delineate each claim alleged and against
13   which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead
14   clear facts that support each claim under each header.

15   Additionally, Ms. Meyer is informed that the court cannot refer to prior pleadings in order
16   to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be
17   complete in itself.  This is because, as a general rule, an amended complaint supersedes the
18   original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once an
19   amended complaint is filed, the original no longer serves any function in the case.  Therefore, "a
20   plaintiff waives all causes of action alleged in the original complaint which are not alleged in the
21   amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and
22   defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963
23   F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions Ms. Meyer that failure to comply
24   with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result
25   in a recommendation that this action be dismissed.  *See* E.D. Cal. L.R. 110.

26   Accordingly, IT IS ORDERED that:

27   1.  Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

28   2.  Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: November 15, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE